■ In the Matter of CHILD AND FAMILY SERVICE OF SYRACUSE AND ONONDAGA COUNTY, in Its Own Right and as Guardian of Three Infants, Petitioner, v PHILIP L. TOIA, as Commissioner of New York State Department of Social Services, et al., Respondents.—Petition unanimously granted, with costs, in accordance with the following memorandum: Petitioner, Child and Family Service, a private authorized adoption agency, has commenced this proceeding (transferred pursuant to CPLR 7804, subd [g]) pursuant to CPLR article 78 in its own right and as guardians of three anonymous infants to annul a determination of respondents denying applications on behalf of the infants for medical assistance under section 366 of the Social Services Law. Although it is conceded that none of the three children possessed income or resources to meet the cost of medical care (thus meeting the eligibility criteria for medical assistance under Social Services Law, § 366, subd 1, par [a], cl [5]) respondents contend that because the infants have been surrendered by their mothers to Child and Family Service pursuant to sections 383 and 384 of the Social Service Law, they are not entitled to medical assistance as a matter of right but only by permission of the County Department of Social Services under subdivision 2 of section 384 of the Social Services Law. Respondents also argue that the authorized adoption agency constitutes a resource for the cost of medical care for the children in its custody, thereby rendering the children ineligible for medical assistance under section 366 (subd 1, par [a], cl [5]). We reject respondents' interpretation of section 366 (subd 1, par [a], cl [5]) and section 383 and subdivision 2 of section 384 of the Social Services Law and grant the petition. Sections 383 and 384 of the Social Services Law provide a method for the surrender of destitute children to authorized agencies and for their custody by the agencies pending final adoption. The guardianship and the custody of such destitute children during the interim period pending adoption are vested in the authorized agency pursuant to a written surrender instrument executed by the parent or parents (Social Services Law, § 383, subd 2; § 384, subds 1, 2, 3). That the authorized agency pursuant to subdivision 2 of section 383 of the Social Services Law and the written surrender instrument assumes responsibility for the ordinary care and

supervision of such children does not prevent a child from qualifying in his or her own right as a person eligible for medical assistance under section 366 (subd 1, par [a], cl [5]) of the Social Services Law. This statute in pertinent part provides that medical assistance shall be given to a person who requires such assistance and who "although not receiving nor in need of public assistance or care for his maintenance * * * has not * * * sufficient income and resources, including available support from responsible relatives, to meet all the costs of medical care and services * * * and is * * * under the age of twenty-one years". We do not hold that an authorized agency could not under certain circumstances, depending upon its undertaking, constitute a financial resource under section 366 (subd 1, par [a], cl [5]) of the Social Services Law for the children in its custody. In this case there was no proof of the agency's obligation or ability to provide such resources. It was stipulated that the children had no financial resources of their own. Therefore, the decision of respondents in denying medical assistance was arbitrary and capricious and must be reversed. We reject respondents' contention that subdivision 2 of section 384 of the Social Services Law requires approval of the County Social Services Department before children in the care of a private authorized agency may receive medical assistance. This section provides that "no such agency shall draw or receive money from public funds for the support of any * * * child except upon the written order or permit of the * * * social services official". "Support" in this context means ordinary care and maintenance and does not include medical assistance. That medical assistance is to be provided distinct from and supplementary to ordinary support may be seen from the acknowledged purpose underlying the medical assistance program, to wit, to make medical assistance available "not only to the needy receiving public assistance, but also to those who have sufficient means of support but do not have part or all of the necessary funds to provide required medical care". (NY Legis Ann, 1966, p 326; see, also, Social Services Law, § 363.) This purpose is reflected in the provision of section 366 (subd 1, par [a], cl [5]) stating that an eligible child is entitled to medical assistance "although not receiving or in need of public assistance or care for his *maintenance.*" (Emphasis added.) Further, from its original enactment in 1884 to the present (see L 1884, ch 438, § 1; L 1923, ch 706, § 1; L 1940, ch 619, § 3) subdivision 2 of section 384 by its terms has referred to agencies *drawing or receiving* public money for the *maintenance* of children surrendered to them. Such is not the case here, where each child's application was made in his or her own right, by the agency as guardian, requesting payment to third-party providers of medical care pursuant to section 366 (subd 1, par [a], cl [5]). Thus, because the agency did not apply to draw or receive public moneys for the support of the children surrendered to it, subdivision 2 of section 384 is not relevant. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.